(Superior Court of Cincinnati.)
Special Term, September, 1900.

DAVID G. EDWARDS, Administrator, v. JOHN C. DALLER.

---

Where a pleading contains inconsistent averments, the pleader will be required to reform.

---

Heard on motion to separately state and number.

DEMPSEY, J.

There are two inconsistent averments in the petition as to the amount of interest due at the filing thereof, which, when taken in connection with the recital in general terms of the subsequent agreement between Mrs. Oskamp, Albert Oskamp and Daller, makes it uncertain whether plaintiff counts on that agreement or on the original note signed by Albert Oskamp and Daller. Defendant is entitled to know what he is to respond to, and I think the petition ought to be reformed so that plaintiff may show to the court and the defendant whether he is suing on the note or on the agreement, or, what seems to me the preferable way, plaintiff ought to state all the facts connected with the note and agreement, and then let the court deduce the legal conclusions apparent therefrom.

The first two grounds of defendant's motion will therefore be granted.

Harlan Cleveland, for motion.

C. W. Baker, contra.

(See another decision in same case, ante, p. 62.)

---

(Superior Court of Cincinnati.)
Special Term, September, 1900.

HICKS, Trustee, v. JOHN H. GRUSSEL et al.

(1). Possession by the sheriff's keeper is possession by the sheriff.

(2). Arrangement between the sheriff and parties to the suit as to sale of property levied upon, where no bad faith is shown.

---

An action to determine the rights of John H. Grussel and W. A. Hicks, trustee to a fund now in the hands of the sheriff by virtue of an attachment, issued and levied and a sale made thereunder at the instance of Grussel.

Judge Dempsey holds:

"1. That the property was in the possession of the sheriff there can be no doubt, since it was in the possession of his keeper, and was ever under the control of the defendant, Poll. A keeper's possession is sufficient under the first head-note to Root v. Railroad Company, 45 O. S., 222.

"2. The evidence does not show the least bad faith on the part of the sheriff or parties to the attachment. In fact, the arrangement as at first entered into was, as said in Baldwin v. Jackson (12 Mass., 132), an innocent and laudable one, and there is not a particle of evidence in the case to show that the plaintiff was misled or deceived thereby or hindered from prosecuting or securing his claim; and there is a modicum of evidence which shows that plaintiff, through an agent of his at least, was cognizant of the arrangement and did not seriously object to it. I think the equities of the case on the evidence are with the defendants, and judgment will be decreed accordingly."

W. A. Hicks and A. J. Cunningham, for the Plaintiff.

F. E. Niederhelman, contra.